## FOSTER vs. MURPHY.

APPEAL from the court of the fifth district.

MATTHEWS, J. delivered the opinion of the court. This suit was instituted in the court below for the purpose of recovering back money which the plaintiff alleges he had unadvisedly and illegally paid to the defendant, as sheriff of the parish of St. Mary, on a purchase of property, which was sold under

West'n Dis'ct
*August*, 1826.

PERRY
*vs.*
BELIEVRE.

A purchaser at a sheriff's sale, cannot withhold or recover the price, unless he be disturbed in his possession of the land.

execution by the latter without adequate authority derived thro' the regular forms of law.

The district court rendered judgment, by which the sale is declared null and void, and the price decreed to be refunded to the plaintiff. All the proceedings in the inferior court were carried on against the sheriff alone, up to final judgment. After said judgment the plaintiff in execution, for whose benefit the property had been sold, claimed a right to interfere in the suit, and joined the present defendant in a petition for an appeal, which was refused to him, the said plaintiff, although allowed to the defendant. The right of the former to appeal in the present action, was denied on the ground of his not being a party to the suit; and from the decree thus rendered against him, he has appealed.

We are inclined to think that the judge *a quo* erred in refusing an appeal to the plaintiff in execution, as he has a direct and very material interest in the event of the suit: but as the contest can be fully and fairly decided between the present plaintiff and the defendant, the latter of whom now stands in the situation of a stake holder between the two former, it is deemed unnecessary to solve abso-

lutely the question which arises in relation to

the right of appeal.

As to the merits of the case, admitting to the full extent insisted on by the plaintiff, the formal defects of the writs and proceedings in execution, we are still of opinion that he could not legally avail himself of them. to refuse payment of the price which he bid for the property, and they are much less available for him to recover back such price after payment.

The present case, although differing somewhat in point of facts and circumstances, is not distinguishable as to principle, from several cases lately decided by this court ; particularly the cases of *Abat* vs *Casteres*, and *Tabor* vs. *Johnston and al.* reported in *3 Martin, n. s p.* 220 and 674.

If indeed there be any difference, it is such as to make the case now under consideration, stronger against the plaintiff. The property was sold under execution on a twelve months bond, in which the present plaintiff was bound, as surety with the defendant in execution, who became the purchaser under the original execution, and who it seems never ceased to be proprietor until the sale on the bond. He alone

could interfere to disturb the appellee in his right and posse-sion, acquired in pursuance of the sale by the sheriff, which would certainly be a vain act on his part, as the property would immediately be subjected to seizure on the judgment, which would still remain in force against him It is however settled by the cases cited that a purchaser by sheriff's sale cannot refuse to pay the price by him bid for the property, unless he be actually evicted from the same, by some legal process.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be avoided, reversed and annulled, and it is further ordered, that judgment be here entered for the defendant and appellant, with costs in both courts.

*Baker* for the plaintiff, *Lesassier & Bowen* for the defendant.